UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| USA, | CASE NO. CR14-264 MJP |
| Plaintiff, | ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| TUAN HONG TRAN, | |
| Defendant. | |

This matter comes before the Court on Defendant Tuan Hong Tran's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1). (Dkt. No. 46.) Having reviewed the Motion, the Government's opposition (Dkt. No. 54), the Memorandum prepared by the United States Probation and Pretrial Services (Dkt. No. 51), and all supporting materials (Dkt. Nos. 46-1-46-6, 48, 54-1-54-3, 55), the Court GRANTS the Motion.

**BACKGROUND**

Invoking 18 U.S.C. § 3582(c)(1), Tran asks the Court to reduce his ten-year sentence to time served so that he can care for his mother and avoid potential complications from a

breakthrough case of COVID-19. Tran was sentenced to 120 months of incarceration and 5 years of supervised release after he pleaded guilty to possession of crack cocaine with intent to distribute and possessing a firearm in furtherance of a drug-trafficking crime. (Dkt. No. 27; Dkt. No. 35.) Tran is scheduled to be release on April 23, 2023, and now asks for his immediate release—roughly 20 months before his projected release date at the time he filed his motion.

Principally, Tran seeks early release so that he can live with and provide daily care for his aging mother who suffers from significant health issues and lacks a caregiver. Tran's 70-year-old mother has severe bilateral leg lymphedema which makes it difficult to walk and impossible to drive. She requires assistance to perform daily activities, including, for example, shopping and attending medical appointments. His mother also has chronic Hepatitis B and a history of cervical and ovarian cancer. And she speaks only Vietnamese, which makes it more difficult for her to navigate her daily affairs in Glendale, Arizona. Tran's mother has previously relied on Tran's sister, Kim Pham, for assistance. But the COVID-19 pandemic has forced Pham to spend roughly 80 hours a week running a restaurant she owns. And with her own young child to care for, Pham has little ability to care for her mother, particularly at the level she requires. Tran desires to play the role of the caretaker for his mother and asserts that he is the only available person to play this role given his mother's familial and financial situation.

Tran also seeks compassionate release on the premise that he faces a greater risk of complication from a COVID-19 infection given his history of Hepatitis B and his high body-mass index. But as the Government points out, Tran, who is 47-years old, tested positive for COVID-19 in December 2020 and appears to have been asymptomatic. And he has since received two Moderna COVID-19 vaccine shots. While Tran cites to general CDC information about COVID-19 risks related to Hepatitis B and a high body mass index, he has not cited to any

evidence to address whether his prior COVID-19 exposure and vaccination vitiate against the risk of severe complications from a breakthrough COVID-19 infection.

Lastly, by way of background, Tran identifies his difficult upbringing as a reason for his struggle with addiction and criminal history. Tran was born in Vietnam at the end of the Vietnam War to a Vietnamese mother and an unknown American serviceman. Tran lived in extreme poverty and received little formal education. He suffered physical abuse from his stepfather and suffered significant trauma before eventually coming to the United States where he encountered bullying and other hardship. Tran became addicted to drugs and committed a variety of drug and gun-related offenses. Tran married Ann Marie Tran in 2013, who herself has struggled with drugs and criminal activity in the past (including committing various offenses with Tran). But Ann Marie has now spent more than five years as an Operations Manager for Amazon and is ready to support Tran upon his release.

The Government highlights several facts relevant to the Court's consideration. First, Tran has an existing criminal history involving drug felonies and illegally possessing firearms as a felon. Second, the Government argues that Tran has an "extensive" disciplinary history while in custody. The record does not quite support this assertion. Tran does have seven infractions over a 6-year period, but they range from the petty (not cleaning his room, taking two lunches) to the more serious (possessing a narcotic, fighting, and gambling). Tran's most serious offenses involve fighting with other inmates over a gambling debt in January 2019 and possessing card stock that contained amphetamines in October 2017. But since his January 2019 offense his only infraction occurred in December 2020, where he was cited for "possessing [an] unauthorized item"—a transgression with no further detail. Third, the Government highlights the efforts the Bureau of Prisons has taken to keep inmates safe during the pandemic.

# ANALYSIS

**A.     Legal Standard**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). "Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for extraordinary and compelling reasons." United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quotation omitted). "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court. . . ." Id. (citing Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018)). By its plain terms, the First Step Act permits the Court to modify a sentence only if:

> (1) The inmate exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);
>
> (2) The inmate has presented extraordinary and compelling reasons for the reduction; and
>
> (3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13.

18 U.S.C § 3582(c)(1)(A). But the Ninth Circuit has concluded that the defendant need not show the reduction is consistent with the Sentencing Commission's policy statement, though the policy statement "may inform a district court's discretion." Aruda, 993 F.3d at 802. The Sentencing Commission's policy statement is as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the

factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

18 U.S.S.G. Appx. § 1B1.13.

**B.     Reduction in Sentence**

Having considered the evidence and argument presented, the Court finds extraordinary and compelling reasons justify Tran's early release.

The Court finds that Tran should be released early from custody so that he can live with and be the primary caregiver to his aging and ailing mother. Tran's mother, who lives alone, faces significant medical issues that impair her ability to provide daily self-care. She has difficulty walking, cannot drive to medical appointments or grocery stores, and needs help with "regular basic needs" throughout each day. (See Letter from Kim Pham, Dated Aug. 30, 2021 (Dkt. No. 46-30.) Tran's mother faces further isolation due to her inability to speak English. And while Tran's sister had been able to provide care, the COVID-19 pandemic and her own family needs make it extremely difficult and essentially impossible for her to provide the daily care Tran's mother requires. The evidence submitted to the Court also suggests that there is no one else currently available to care for Tran's mother. But Tran appears both able and committed to providing the around-the-clock care his mother requires to satisfy her basic needs. The Court finds the need for Tran to provide care for his ailing and aging mother to be an extraordinary and compelling reason justifying his early release of approximately 18 months.

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 5

The Court also notes that Tran does not appear to be a danger to the community and has otherwise demonstrated reasonable rehabilitation while in custody. Tran pleaded guilty to and accepted responsibility for his drug and gun-related misconduct. He has served over six years in custody where he has committed only a handful of infractions, the most serious of which were gambling, fighting over gambling debts and possessing amphetamines. The Court takes these infractions seriously but balances them against the fact that Tran has completed the 500-hour drug rehabilitation program, has had no drug-related infractions since the sole drug-related incident in October 2017, and has engaged in educational classes while in custody. Upon his release and expected detention by Immigration and Customs Enforcement, Tran intends reside with his mother and his wife intends to support him by moving to Arizona to help him find gainful employment and maintain sobriety. The Department of Probation and Pretrial Services does not identify any special conditions are necessary if Tran is released early, and it does not recommend either location monitoring or home confinement given that he will have a stable residence and family support to assist him in transitioning back into the community. The Court finds that Tran's overall rehabilitation and determination to provide care to his mother counterbalance any potential danger he poses to the community. On balance, Tran stands to provide a far greater benefit to the community by caring for his mother than remaining custody for an additional 18 months during which time Tran's mother would undoubtedly suffer in relative isolation.

Separately, the Court has also considered and rejected Tran's own medical conditions as a basis for his early release. Tran does have a history of Hepatitis B and high body mass index, which could cause severe complications with a COVID-19 infection. But Tran has already once suffered an infection which proved asymptomatic and he has since received two doses of the

Moderna vaccine. Tran has not identified what specific risk of complication he now faces in light of this medical history and intervention. As such, Tran has not convinced the Court that his risk of a re-infection constitutes an "extraordinary and compelling" circumstance justifying early release.

## CONCLUSION

Having considered the evidence and argument of the parties, the Court finds that extraordinary and compelling reasons justify the reduction of Tran's remaining sentence to time served. The Court therefore GRANTS the Motion and AMENDS the Judgement as follows:

1. The Court reduces Tran's remaining sentence to time served and Tran shall be released from custody 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Tran tests COVID-19 positive at any time during this quarantine period, the Federal Bureau of Prisons shall notify the Government which will immediately notify the Court so that this Order can be modified as appropriate;

2. Consistent with Tran's request, the Court extends Tran's term of supervised release to 78 months;

3. Tran shall reside with his mother in Glendale, Arizona upon his release from any detention with the Immigration and Customs Enforcement; and

4. The previous conditions of supervised release in the original Judgment shall otherwise remain unchanged. (See Dkt. No. 35.)

The clerk is ordered to provide copies of this order to all counsel.

\\

\\

Dated November 10, 2021.

Marsha J. Pechman
United States Senior District Judge